

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 3511 | **DATE** | 1/8/2002 |
| **CASE TITLE** | BANKERS TRUST COMPANY OF CALIFORNIA vs GEORGIANA SCHMITZ, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Plaintiff's motion for summary judgment of foreclosure is granted.
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | **JAN 1 1 2002** | |
| | Notified counsel by telephone. | | date docketed | 18 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| LG | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BANKERS TRUST COMPANY OF CALIFORNIA, N.A., <br><br> Plaintiff, <br><br> v. <br><br> GEORGIANA SCHMITZ, LAWRENCE A. SCHMITZ a/k/a LARRY A. SCHMITZ, PB INVESTMENT CORPORATION, and HINSDALE HOSPITAL, <br><br> Defendants. | No. 01 C 3511 <br><br> Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Presently before the Court is plaintiff's, Bankers Trust Company of California's, Motion for Summary Judgment of Foreclosure against defendants Georgiana Schmitz (Georgiana) and Lawrence Schmitz (collectively defendants).

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). All the evidence and the reasonable inferences that may be drawn from the evidence are viewed in the light most favorable to the nonmovant. *Miller v. American Family Mutual Ins. Co.*, 203 F.3d 997, 1003 (7th Cir. 2000). However, the nonmovant must still come forward with evidence establishing the elements of its claim on which it bears the burden of proof at trial. As such, it must establish specific facts that show there is a genuine issue for trial. *Miller*, 203 F.3d at 1003.

Defendants' response to plaintiff's Motion for Summary Judgment of Foreclosure does not specifically admit or deny any of the plaintiff's proposed undisputed facts. Instead, defendants admit liability but dispute the amount claimed by plaintiff, arguing that they did not have the necessary materials to deny the amount owed when they answered plaintiff's Complaint for Foreclosure. Defendants do not indicate what the newly discovered evidence is that supports their denial. Defendants did not attach any documents or affidavits supporting their denial and affirmative defense. The Court will not consider unsupported statements of fact or general "denials" that do not contain references to the factual record as required by L.R. 56.1(3). *See Bordelon v. Chicago School Reform Board of Trustees*, 233 F.3d 524, 527 (7th Cir 2000) (strict compliance with the local rules governing summary judgment is upheld given the importance of local rules that structure the summary judgment process).

On March 17, 1997, Georgiana executed a mortgage on the property commonly known as 2220 Strafford, Westchester, Illinois, 60154, to Fidelity Mortgage Decisions Corporation to secure a note in the amount of $228,800. The mortgage was recorded in the office of the Recorder of Deeds of Cook County on March 26, 1997. Subsequently, the mortgage was assigned to plaintiff. (Plaint.'s 56.1(a)(3) Statement ¶ 8).

Georgiana defaulted under the terms of the note and mortgage by failing to make mortgage payments when due. The last mortgage payment made by Georgiana was applied to the March 1999 payment, making Georgiana due for the April 1999 mortgage payment. (Plaint.'s 56.1(a)(3) Statement ¶ 9). As a result of the default, and pursuant to the terms of the note and mortgage, plaintiff accelerated the balance due on said note. The outstanding balance due on the note is $226,682.96 through April 1999. (Id., at ¶ 10).

2

As stated above, defendants do not contest liability. Defendants do contest the amount due through a general denial, and they attempt to assert an affirmative defense of denial of the amount due. Defendants offer nothing to support their denial and affirmative defense. Defendants have failed to come forward with any evidence to rebut the amount due as established by the plaintiff through affidavit and have failed to establish specific facts demonstrating that there is a genuine issue for trial. *See Miller*, 203 F.3d at 1003. Accordingly, plaintiff's Motion for Summary Judgment of Foreclosure is granted.

Dated: January 8, 2001

JOHN W. DARRAH
United States District Judge